IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO LUIS FALERO-RUIZ,<br><br>Defendant. | Case No. 3:19-cr-00108-TMB-DMS-1<br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |

Upon Defendant's request to enter a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure to Count 1 of the Indictment and admission to the Criminal Forfeiture allegations 1 and 2, and the defendant's consent to plead before a Magistrate Judge contained in the plea agreement, this matter was referred to the Magistrate Judge by the District Court, with the additional oral consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge, in open court and on the record.

In consideration of that hearing and the allocution made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A. I make the following FINDINGS – that the Defendant understands:**

1. That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury;
2. The right to persist in a plea of "not-guilty";
3. The consequence of not being a United States citizen;

*United States v. Falero-Ruiz*
3:19-cr-00108-TMB-DMS-1
Final R&R re Plea of Guilty
Page 1
Case 3:19-cr-00108-TMB-MMS   Document 129   Filed 08/07/20   Page 1 of 4

4. The nature of the charge(s) against him;
5. The maximum possible sentence, including imprisonment, fine, and the effect of the supervised release term;
6. Any applicable mandatory minimum penalty;
7. The Court's authority to order restitution;
8. The Court's obligation to impose a special assessment;
9. Any applicable forfeiture;
10. The right to a speedy and public trial by jury;
11. The right to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the proceedings;
12. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
13. The Defendant's waiver of trial rights if the Court accepts a guilty plea or nolo contendere; and
14. That he knowingly, intelligently and voluntarily waived his right to appeal or collaterally attack his conviction and any sentence imposed if it is within the range permitted by the plea agreement; and
15. That in determining a sentence, the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a).

**B.  I further FIND that:**

1. The Defendant is competent to enter a plea;
2. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or coercion;
3. Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and

4. That there is a sufficient factual basis for the Defendant's plea.

**C. I RECOMMEND** that the District Court accept the Defendant's plea of guilty to Count 1 of the Indictment, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and admission to the Criminal Forfeiture allegations 1 and 2. I also recommend the dismissal of Count 2 of the Indictment at the time of sentencing.

**IT IS FURTHER ORDERED:**

**D. A Presentence Report be prepared.**
1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Fed. R. Crim. P. 32(f)(1);
2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to D.Ak. L.Cr.R. 32.1(d);

The Sentencing hearing will be before United States District Judge Timothy Burgess on **November 10, 2020 at 9:00 a.m.** The Court excludes time from July 31, 2020 until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

As part of the parties' negotiations, it was agreed that the defendant could remain out of custody pending sentencing. The defendant was reminded that all previously imposed conditions of release remain in place and must be adhered to.

DATED this 7th day of August, 2020, at Anchorage, Alaska.

*s/ Deborah M. Smith*
DEBORAH M. SMITH
Chief United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **three (3) days** from the date of service of this Report and Recommendation. The shortened objection deadline is necessary due to the looming trial date/ to the request of the

*United States v. Falero-Ruiz*
3:19-cr-00108-TMB-DMS-1
Final R&R re Plea of Guilty
Page 3
Case 3:19-cr-00108-TMB-MMS    Document 129    Filed 08/07/20    Page 3 of 4

District Court Judge. D.Ak.L.M.R. 6(a) authorizes the Court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).